NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 7 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUTH NOHEMY AVALOS PERDOMO, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-4416 <br><br> Agency No. A209-092-033 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2026[**]
Pasadena, California

Before: BYBEE, COLLINS, and BRESS, Circuit Judges.

Petitioner Ruth Nohemy Avalos Perdomo, a native and citizen of El Salvador,

seeks review of the Board of Immigration Appeals' (BIA) decision dismissing her

appeal from an Immigration Judge's (IJ) denial of her asylum and withholding of

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal claims.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Courts may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right."  8 U.S.C. § 1252(d)(1). "Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below, and to have been sufficient to put the BIA on notice of what was being challenged."  *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (citation omitted).  "What matters is that the BIA was sufficiently on notice so that it had an opportunity to pass on the issue." *Id.* (cleaned up).

Petitioner does not meet the exhaustion requirement because she never previously proposed the particular social group (PSG) to which she now claims membership for the first time on appeal.  *Cf. Honcharo v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (BIA did not err when it "declined to consider [petitioner's] proposed particular social groups that were raised for the first time on appeal").  In her opening brief, Petitioner claims that she belongs to the proposed PSG of "Salvadoran women who have been victims of domestic violence they are unable to leave."  But before the IJ, Petitioner advanced a different PSG:  "females in El Salvador who have been raped and beaten, and who are unable to receive assistance or protection from government authorities."  And in her brief to the BIA, Petitioner claimed the "main

grou[n]ds for relief" for her persecution claim was "sexual abuse." Nowhere did Petitioner propose an alternative PSG to the BIA.

Because Petitioner fails to discuss or defend her originally proposed PSG—instead proposing an entirely new PSG on appeal—she has not exhausted her claim. We serve as a court of "review, not of first view." *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005). And because Petitioner's claim is unexhausted, we must deny her petition. *See Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (noting that although the exhaustion requirement is a "non-jurisdictional claim-processing rule," it "is mandatory in the sense that a court must enforce the rule if a party properly raises it" (cleaned up)); *Umana-Escobar*, 69 F.4th at 550 (denying portion of petition as unexhausted where petitioner "present[ed] a different justification for his argument" on appeal that was not raised to the BIA).

**PETITION DENIED.**